IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

*A.    The Criminal Division Request*

5. On August 11, 2025, Plaintiff submitted a FOIA request via email to DOJ's Criminal Division, a component of Defendant. The request included a DOJ-361 certification of identity form signed by Mr. Michael James Lindell and sought access to the following:

> All records regarding Mr. Michael James Lindell, a United States citizen born on June 28, 1961, in Mankato, Minnesota . . . . This request includes, but is not limited to, all related investigative reports, intelligence products, or similar records, as well as all records of communication between any official or employee of the Criminal Division and any official, employee, or representative of any other branch, department, agency, or office of the federal government mentioning or referring to Mr. Lindell.

6. By letter dated August 14, 2025, the Criminal Division acknowledged receipt of the request on August 11, 2025, and advised Plaintiff that the request had been assigned file number CRM-302342584. The letter also requested clarification stating, "A proper FOIA/PA request must reasonably describe the records sought, and must be made in accordance with Department regulations."

7. On August 14, 2025, Plaintiff administratively appealed the Criminal Division's determination stating, "the request seeks records related to a single individual whose biographical information, including his Social Security number, was provided to the agency."

Plaintiff also noted that Mr. Lindell "is a well-known business leader, philanthropist, and associate of the President."

8. By letter dated August 14, 2025, the Criminal Division acknowledged receipt of the appeal on August 14, 2025, and advised Plaintiff that the appeal had been assigned number A-2025-02418.

9. Plaintiff has received no further response from the Criminal Division regarding the request or the administrative appeal.

### B. *The Federal Bureau of Investigation Request*

10. On August 11, 2025, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), another component of Defendant. The request included a DOJ-361 certification of identity form signed by Mr. Michael James Lindell and sought access to the following:

> All records regarding Mr. Michael James Lindell, a United States citizen born on June 28, 1961, in Mankato, Minnesota . . . . This request includes, but is not limited to, all related investigative reports, intelligence products, or similar records, as well as all records of communication between any official or employee of the Federal Bureau of Investigation and any official, employee, or representative of any other branch, department, agency, or office of the federal government mentioning or referring to Mr. Lindell.

11. The FBI confirmed receipt of the request by email dated August 11, 2025.

12. By letter dated August 20, 2025, the FBI acknowledged receipt of the request and assigned it FOIPA Request No. 1677474-000.

13. By letter dated August 21, 2025, the FBI informed Plaintiff that due to "unusual circumstances," its ability to make a determination regarding Plaintiff's request within 20 days would be delayed.

14. Plaintiff has received no further response from the FBI regarding the request.

3

### C. The Office of Information Policy Request

15. On August 11, 2025, Plaintiff submitted a FOIA request to OIP, another component of Defendant. The request included a DOJ-361 certification of identity form signed by Mr. Michael James Lindell and sought access to the following:

> All records regarding Mr. Michael James Lindell, a United States citizen born on June 28, 1961, in Mankato, Minnesota . . . . This request includes, but is not limited to, all related investigative reports, intelligence products, or similar records, as well as all records of communication between any official or employee of the Department of Justice and any official, employee, or representative of any other branch, department, agency, or office of the federal government mentioning or referring to Mr. Lindell.

16. By letter dated September 9, 2025, OIP acknowledged receipt of Plaintiff's request on August 11, 2025, and advised Plaintiff that the request had been assigned tracking number FOIA-2025-06363. OIP also informed Plaintiff that it had invoked FOIA's 10-day extension of time provision for "unusual circumstances."

17. Plaintiff has received no further response from OIP regarding the request.

18. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

19. Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

20. Defendant is in violation of FOIA.

21.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

22.     Plaintiff has no adequate remedy at law.

23.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's appeal to the Criminal Division by September 12, 2025, and the requests to the FBI and OIP by September 23, 2025.  Because Defendant failed to issue final determinations within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 3, 2025

Respectfully submitted,

*/s/ Kathryn Blankenberg*
Kathryn Blankenberg
D.C. Bar No. 1781777
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: kblankenberg@judicialwatch.org

*Counsel for Plaintiff*